IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-00812-NYW

J.G., a minor, by and through his next friend Christina Giron,

    Plaintiff,

v.

El Paso School District 49

    Defendant.

---

### PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL EVIDENCE

---

Plaintiff J.G., by and through his mother, Christina Giron, by and through counsel of record, Kishinevsky & Raykin, LLC, moves for submission of additional evidence pursuant to the Individuals with Disabilities Education Act ("IDEA"). In support thereof, Plaintiff states as follows:

### I.    CERTIFICATE OF COUNSEL

Pursuant to D.C. COLO. Civ. R. 7.1(a), undersigned certifies that she has conferred with Defendant's counsel on the relief sought in this motion and provided Defendant's counsel with the proposed exhibits. Defendant's counsel stated that Defendant opposes the motion because the proposed new evidence did not exist at the time of the hearing and for various reasons does not meet the criteria allowing for additional evidence upon appeal under applicable law.

1

## II.     LEGAL AND FACTUAL BACKGROUND

This is an appeal of a due process hearing pursuant to the IDEA. 20 U.S.C. § 1415(i)(2). In the proceedings below, J.G., by and through his mother, Christina Giron ("Ms. Giron" or "Mother" or "Parent"), alleged that Defendant, El Paso School District 49 ("Defendant" or the "District") violated J.G.'s rights under the IDEA and failed to provide a free and appropriate education ("FAPE") to J.G. The Administrative Law Judge ("ALJ") assigned to the dispute ultimately concluded that Defendant did not deny J.G. FAPE because "J.G. was progressing and receiving the most appropriate reading interventions for him at the time." Administrative Record ("AR"), at 241. During the hearing, Plaintiff presented evidence contradicting the ALJ's decision.[1] In reaching her decision, the ALJ improperly failed to consider evidence of the District's violation of child find (34 C.F.R. § 300.111)[2] and incorrectly accepted the Defendant's argument that it provided J.G. FAPE through non-special education supports.[3] In response to the ALJ's decision, the Plaintiff initiated this action on March 12, 2025. ECF 1.

Herein, Plaintiff seeks leave to submit additional evidence consisting of evidence of J.G.'s academic progress post-dating the hearing. Due to the timing of the complaint and hearing, evidence of Plaintiff's academic performance after he began receiving special education was, for the most part, unavailable at the time of the hearing. J.G. did not begin receiving all special

---

[1] *See, e.g.*, AR, at 241 ("The court recognizes the Complainant had reasons for concern: STAR testing showed that JG's grade equivalency was below average in several areas."); AR, at 388 (wherein, during second grade, J.G.'s math skills tested at the 2nd percentile, equivalent to a kindergartner); AR, at 470 (wherein, during third grade, J.G.'s reading skills tested at the 1st percentile, equivalent to a prekindergartner).

[2] *Compare* AR, at 242 ("Moreover, when Complainant asked that JG be tested for special education, the District did not delay. [Complainant] made the request in late December [2022] . . . the next January . . . the evaluations began.") (internally referencing AR at 427) *with* AR, at 338 (wherein Plaintiff made a special education request in November 2021).

[3] AR, at 241 (". . . the record demonstrates that the District used appropriate interventions in first and second grades to address his below grade equivalency scores . . .")

2

education services as outlined in his IEP until the beginning of the 2023-2024 school year, once he started at Academy for Literacy, Learning & Innovation Excellence ("ALLIES"), a District school specifically for dyslexic learners. *See, e.g.*, AR at 532. Accordingly, at the time of the hearing, the only evidence available from documenting J.G.'s progress with the support of special education was from his first, transitional year. Since the hearing, J.G. has completed his second year of school with special education supports, but without the additional burden of transitioning schools, and his progress is substantial.

The IDEA specifically entitles a party to introduce additional evidence, U.S.C § 1415(i)(2)(C), especially where the "evidence concern[s] relevant events occurring subsequent to the administrative hearing." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993); *see L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004) (citing *Jackson* favorably). The evidence the Plaintiff intends to introduce is exactly the kind of supplemental evidence that the IDEA contemplates for introduction in a civil matter. The supplemental evidence bears on the issue before the Court and was not available at the due process hearing. For the reasons described above and discussed in more detail herein, Plaintiff requests that the Court receive additional evidence of J.G.'s academic records from the 2024-2025 school year.

### III.   ARGUMENT

#### A. Legal Standard

The IDEA allows a party aggrieved by an administrative decision "to bring a civil action" in the district court. 20 U.S.C. § 1415(i)(2)(A). As a part of these civil proceedings, the IDEA mandates that district courts "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C).

There are two Circuit standards governing the admission of additional evidence. *Compare Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984) (adopting a more restrictive standard where additional evidence means "supplemental" evidence) *with Metro Gov't of Nashville v. Cook*, 915 F.2d 232, 234 (6th Circuit 1990) (rejecting *Burlington's* heightened standard). The Tenth Circuit has not expressly adopted either, but has cited favorably to Ninth Circuit caselaw, which, in turn, adopted the more restrictive view. *See L.B.,* 379 F.3d at 974 (citing *Jackson*, 4 F.3d at 1472-1473); *see also Jackson*, 4 F.3d at 1471-72 (citing *Burlington*, 736 F.2d at 791).

Under the restrictive view, additional evidence may be admitted where it is "supplemental." *Burlington*, 736 F.2d, at 790. Evidence is supplemental under circumstances including "improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing." *Id.*

B. **Plaintiff's Additional Evidence**

Plaintiff seek to submit the following exhibits: Exhibit 1, J.G.'s 2024-2025 IEP progress monitoring report; Exhibit 2, J.G.'s April 2025 STAR[4] Diagnostic Reports; Exhibit 3, J.G.'s Spring 2025 CMAS[5] scores; Exhibit 4, J.G.'s 2024-2025 DIBELS[6] scores; and Exhibit 5, J.G.'s Fall 2024 ALLIES progress report. These exhibits establish J.G.'s academic performance *after* receiving an IEP and special education services. Plaintiff offers these additional exhibits to

---

[4] The Standardized Test for the Assessment of Reading ("STAR") Diagnostic is a nationwide standardized test that is given three times per year.
[5] The Colorado Measures of Academic Success ("CMAS") is Colorado's standardized assessment system.
[6] The Dynamic Indicators of Basic Early Literacy Skills ("DIBELS") is a literacy monitoring tool.

supplement the record before the Court to aid it in determining whether Defendant denied J.G. FAPE when it failed to evaluate and provide him with special education.

Plaintiff's proposed exhibits maintain the character of these proceedings under modified *de novo* review. *L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 973 (10th Cir. 2004). Plaintiff previously presented evidence of J.G.'s initial progress while receiving special education services and now seeks only to present evidence of his performance in his second year with special education services. This evidence is not cumulative because evidence from J.G.'s 2023-2024 school year is limited and was affected by J.G.'s transition between schools. Evidence from the 2024-2025 school year is more robust and paints a clearer picture of J.G.'s abilities and was developed after J.G. was comfortable at ALLIES. As discussed below, these exhibits should be admitted because they were not available at the time of the due process hearing below, supplement Plaintiff's evidence before the ALJ, and bear directly on the issue of whether Defendant denied J.G. FAPE.

**C. The Court should admit Plaintiff's Additional Evidence.**

    a. *Plaintiff's additional evidence did not become available until after the Hearing.*

The due process hearing occurred in October 2024, during J.G.'s second year at ALLIES. Accordingly, at the time of the hearing, there was only one year's worth of evidence of J.G.'s academic performance while receiving special education. As the ALJ noted, "by all accounts . . . [J.G.] is flourishing [at ALLIES]"; however, evidence of his performance at that time was limited and only included the year he transferred schools. AR, at 242. While this evidence demonstrated higher performance, the ALJ failed to rule whether it was sufficient to show that J.G. progressed appropriately without an IEP. However, now, evidence from J.G.'s second year with special education is available, and it is highly probative of the fact that he is far outachieving the progress he made without special education. Evidence of J.G.'s "educational

5

progress subsequent to the due process hearing" bears directly on the issue of whether the District denied J.G. FAPE. *See Murray v. Montrose Cnty. Sch. Dist. RE-1J*, 51 F.3d 921, 931 (10th Cir. 1995). Comparing J.G.'s progress with and without special education shows that he can make far more progress when provided with special education supports, and, accordingly, the progress he made without special education was not "appropriate in light of [his] circumstances." *Endrew F.,* 580 U.S. at 399.

    b. *Plaintiff's additional evidence establishes that the Defendant failed to provide J.G. with FAPE.*

By failing to provide J.G. with special education services, the Defendant prevented J.G. from "mak[ing] progress appropriate in light of [his] circumstances." *Endrew F.,* 580 U.S. at 399. A child's capacity to make "progress appropriate" is the determining factor in whether the child receives FAPE. *Id.* Here, the ALJ concluded that Plaintiff's evidence of J.G.'s performance prior to receiving an IEP was insufficient to establish a denial of FAPE. AR, at 242. However, since the hearing, J.G. completed his second year of school with special education supports. There is now a body of evidence establishing J.G.'s capacity to make progress when provided special education services. That capacity bears directly on whether he made appropriate progress without special education. By comparing the evidence of J.G.'s performance with special education with evidence of his performance without special education, the Court can determine if his performance prior to receiving an IEP was sufficient to provide FAPE.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court GRANT Plaintiff's request to submit exhibits 1-5 which show J.G.'s academic performance during the 2024-2025 school year. Each of these pieces of evidence only became available after the administrative hearing in

October 2024, and each bares directly on whether Defendant denied J.G. FAPE. Accordingly, the evidence should be admitted pursuant to 20 U.S.C. § 1415(i).

DATED: June 26, 2025

Respectfully submitted by:

*/s/Igor Raykin*
Igor Raykin
Kaity Tuohy
Kishinevsky & Raykin, Attorneys at Law
2851 S. Parker Rd., Suite 150
Aurora, CO 80014
Phone: 720-748-8888
igor@coloradolawteam.com
kaity@coloradolawteam.com

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this June 26, 2025, I filed Plaintiff's Motion to Submit Additional Evidence in the CM/ECF system, and such filing constitutes proper delivery to opposing counsel:

John Stanek
Orten Cavanagh Holmes & Hunt, LLC
111 S Tejon St., Ste 400
Colorado Springs, CO, 80903
jstanek@ochhoalaw.com

*/s/Krystle Jennings*
Krystle Jennings